Commonwealth v. Dallas.

3 Burr. 1666 ; 1 Com. Dig. 200 ; 1 Bac. Abr. 267 ; Com. Rep. 99 ; 12 Mod. 457 ; 1 Pow. Cont. 344.

The defendant's counsel (*Dallas*) contended, that whatever might be the impressions or inferences of the referees, the declaration of McLure did not, in itself, amount to an express *assumpsit;* that it was not a case, in which an implied *assumpsit* could be raised ; that, at most, it was a mere gratuitous undertaking, without any possible consideration, beneficial to McLure ; a *nudum pactum*, on which no action could be maintained ; and that the consideration was not proved by the evidence, as it was laid in the declaration. 2 Bl. Com. 445; 3 Ibid. 159 ; Bull. N. P. 147 ; Bulstr. 120 ; Dyer 272 ; 2 Burr. 1666 ; Cro. Eliz. 79 ; 2 Burr. 1671.

---

COMMONWEALTH *v.* DALLAS, Attorney of the United States, &c. (*b*)

Recorder of Philadelphia.

The Recorder of the city of Philadelphia is not a judge, within the meaning of the 8th section of the 2d article of the constitution of the state of Pennsylvania.

QUO WARRANTO. The President having honored the defendant with an appointment, as attorney of the United States for the eastern district of Pennsylvania ; and the Governor having been pleased also to appoint him Recorder of the city of Philadelphia ; it was thought, by some of the members of the select and common councils, that the tenure of these offices, by by the same person, at the same time, was constitutionally incompatible. And in order to try the question, Mr. *Hopkinson*, the solicitor of the corporation, was instructed to move the supreme court, for leave to file an information (on the relation of the select and common councils), (*c*) in nature of a writ of *quo warranto*, to inquire by what authority the defendant exercised the office of recorder. *It was agreed, that the merits of the *230] case should be discussed and decided upon this preliminary motion, in order to avoid any public inconvenience ; as the defendant declared his determination not to act as recorder, while a doubt rested upon his right.

The case turned principally on the construction of the 8th section of the 2d article of the constitution of Pennsylvania ; which is expressed in these words : "No member of congress from this state, nor any person holding

---

(*b*) s. c. 3 Yeates 300.

(*c*) The court declared, that upon a proceeding of this kind, it was necessary to name the relator, at whose instance it was instituted.

or exercising any office of trust or profit under the United States, shall, at the same time, hold or exercise the office of judge, secretary, treasurer, prothonotary, register of wills, recorder of deeds, sheriff, or any office in this state, to which a salary is by law annexed, or any other office which future legislatures shall declare incompatible with offices or appointments under the United States."

The argument was conducted, with great and equal ability and candor, by Messrs. *Hopkinson, E. Tilghman* and *Lewis*, in support of the motion; and by Messrs. *Ingersoll* and *McKean*, against it.

In *support* of the motion, it was stated, as a foundation, that the Recorder of the city of Philadelphia is a judge; and consequently, within the clause of the constitution, which excludes an officer of the United States, from holding or exercising the office of a judge, in this state. It was said, that the policy of the exclusion originated in a jealousy, lest the federal government should overshadow the state governments; and if there was a doubt upon the subject, that policy required a decision, affirming the incompatibility of the offices in question. The commission, duties and powers of the recorder were then analyzed, with a view to prove that his office was a judicial character; particularly, when he acted as the organ of the mayor's court; and that it was not the name (as a recorder, a justice, &c.), but the duty, which constituted a judge. 2 Dall. Laws, 658, § 14; Ibid. 660, § 19, 20; Ibid. 662, § 22; Const. Penn., Art. V., § 1; 4 Dall. Laws, 75. Nor, it was insisted, did he merely perform his judicial functions as a ministerial agent of the corporation; but he was, in fact and in law, a judge, within the meaning of the constitution, and the interpretation of the most authoritative writers. Cun. Law Dict. " Judge;" Johnson's Dict. " Real;" Jac. L. Dict. " Judge;" 1 Bl. Com. 269; 4 Ibid. 84, 125; 1 Bac. Abr.; 3 Bl. Com., in App. 3, 38–40; 4 Inst. 73, 23; 6 Co. 20; 9 Ibid. 118; 1 Hale H. P. C. 231; Cro. Car. 146; 1 Bl. Com. 269; 12 Wm. III.; 1 Geo. III.; 1 Tidd 426; Min. of Conv. 81, 85, 138, 139, 194, 198.

In *opposition* to the motion, it was premised, that further than the constitution has prescribed, a spirit of jealousy, between the federal and state governments, ought not to be encouraged: and *the argument was [*231 pursued upon the following general propositions: 1st. That the 8th section of the 2d article of the constitution, does not include in its prohibition, any other than the state officers. 2d. That the Recorder of the city of Philadelphia is not an officer of the commonwealth or state; but an officer of the corporation. 3d. That the recorder, according to the letter, the spirit and the meaning of the constitution, is not a judge. The following books were cited on these several propositions; Min. Coun. Cens. 139, 140, 141, 142; 2 Dall. Laws, 546, 334, 565, 634, 636, 658; Const. Penn. 1776, ch. 2, § 9; 2 Dall. Laws, 654, § 1, § 14; 4 Bl. Com. 84–5, 126; Cro. Car. 373; 1 Hale P. C. 58, 440; Ibid. 231; 9 Co. 118 *b;* 2 T. R. 87; Cro. Car. 138; Sir William Jones, 193; Cro. Eliz. 76; 3 Burr. 1615, 1616; 1 Sid. 305; Doug. 382; 2 T. R. 88; Priv. Lond. 16, 23, 25, 63, 64; 1 Kyd 426; 2 Ibid. 80, 82, 83; 1 Bl. Com. 76; 3 Ibid. 334, 60; 6 Co. 20; Cro. Car. 146; 9 Co. 1186; Str. 1103; 1 Burr. 542; 12 & 13 Wm. III., c. 2, § 3; 1 Geo. III., c. 23; Min. Conv. 39, 63, 78, 82, 126, 138.

The argument was, unavoidably, protracted until late in the last **day**

*Falconer v. Montgomery.*

of the term ; and the judges, declaring that the question was of too much importance to be decided without deliberation, directed a *curia advisare vult* until the next term ; when the unanimous opinion of the court, was delivered by—

SHIPPEN, Chief Justice.—That although the Recorder of the city of Philadelphia possesses some powers, and performs some duties, of a judicial nature, he is not a judge, within the terms, spirit and meaning of the 8th section of the 2d article of the constitution.

The motion for leave to file an information in the nature of a *quo warranto*, was, therefore, refused.